# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO VELASQUEZ, | Case No. CV 18-6005-GW (JEM) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| RAMANBHAI PATEL, et al., | |
| Defendants. | |

Ricardo Velasquez ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint").

**SCREENING STANDARDS**

In accordance with the provisions of the Prison Litigation Reform Act of 1995, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't,

901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level," Twombly, 550 U.S. at 555, or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept, 839 F.2d 621, 623 (9th Cir. 1988). Unless it is clear that the deficiencies in a complaint cannot be cured, pro se litigants are generally entitled to a notice of a complaint's deficiencies and an opportunity to amend prior to the dismissal of an action. Id. at 623. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be

dismissed without leave to amend. Id.; Weilburg v. Shapiro, 488 F.3d 1202, 1205 (9th Cir. 2007).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds that the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## ALLEGATIONS OF THE COMPLAINT

Plaintiff's claims arise out of his confinement at the California State Prison Los Angeles County ("CSP-LAC"). He has sued Ramanbhai Patel and David Holst in their official capacities only. (Complaint at 3.) Plaintiff alleges the following:

Defendant Patel is a medical doctor employed by Advanced Endoscopy and Pain Center of Lancaster ("AEPCL"). (Id. at 8) Defendant Holst is the president and owner of AEPCL. (Id.) AEPCL had contracted with the California Department of Corrections and Rehabilitation ("CDCR") to provide medical services to prisoners housed at CSP-LAC. (Id. at 8.)

Defendants were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (Id. at 5.) Specifically, Dr. Patel performed a colonoscopy on Plaintiff and punctured his colon during the procedure. (Id. at 5-6) Even though Dr. Patel knew he had punctured Plaintiff's colon, he still released Plaintiff back to CSP-LAC without repairing the damage. (Id.) Later that day, Plaintiff experienced severe pain and was transported to Palmdale Regional Medical Center, where another doctor performed emergency surgery to repair the punctured colon. (Id. at 6-7.)

Holst, as the president and owner of AEPCL, was responsible for ensuring that doctors employed by AEPCL were competent and qualified to perform medical services. (Id. at 8-9.) Holst should have known that Dr. Patel had harmed another patient during a colonoscopy in 2013 and had a medical malpractice case filed against him in 2000. (Id. at 9-10.) Thus, Holst should not have allowed Patel to perform the colonoscopy on Plaintiff. (Id. at 10-11.)

Plaintiff seeks compensatory damages. (Id. at 12.)

**DISCUSSION**

I. **PLAINTIFF HAS FAILED TO ALLEGE FACTS DEMONSTRATING THAT DEFENDANTS ARE SUBJECT TO SUIT UNDER SECTION 1983**

Defendants are alleged to be an employee and the owner of AEPCL, a private medical clinic. Plaintiff alleges that AEPCL contracted with CDCR to provide medical services to prisoners housed at CSP-LAC. Although Plaintiff states in wholly conclusory terms that Defendants were acting under color of state law (Complaint at 3), the facts alleged do not support such a conclusion.

In order to state a claim under Section 1983, a plaintiff must plead facts establishing that the defendants (1) deprived the plaintiff of a right secured by the Constitution or laws of the United States; and (2) acted under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." American Manufacturers Mutual Insurance Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotations and citations omitted). Here, Plaintiff alleges a deprivation of his Fourth Amendment right to be free of unlawful search and seizure. The Fourteenth Amendment, which incorporates the Fourth Amendment against the states, applies only to "state action." Rendell-Baker v. Kohn, 457 U.S. 830, 837 (1982). "If a defendant's conduct satisfies the state-action requirement of the Fourteenth Amendment, the conduct also constitutes action 'under color of state law' for § 1983 purposes." Brentwood Academy v. Tennessee Secondary School Athletic Association, 531 U.S. 288, 295 n.2 (2001) (citing Lugar v. Edmondson Oil Co., Inc., 457 U.S. 922, 935 (1982)).

Courts "start with the presumption that private conduct does not constitute governmental action." Sutton v. Providence St. Joseph Medical Center, 192 F.3d 826, 835 (9th Cir. 1999). "Whether a private party engaged in state action is a highly factual question." Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1209 (9th Cir. 2002). Conclusory allegations are insufficient to establish the element of state action. See Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900 (9th Cir. 2008) ("[A] bare allegation

of joint action will not overcome a motion to dismiss. Plaintiff must allege facts tending to show that Defendants acted under color of state law or authority.") (internal quotations, ellipses, and citation omitted).

The Ninth Circuit has recognized the following four tests used to identify private action that qualifies as state action: "(1) public function; (2) joint action; (3) governmental compulsion or coercion; and (4) governmental nexus." Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003) (quotation omitted). Regardless of which test applies, the fundamental consideration is whether the private conduct is fairly attributable to the state. Id. at 1096; see also Lugar, 457 U.S. at 937. Ultimately, a plaintiff bears the burden of establishing that a particular defendant is a state actor under any applicable test. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 922 (9th Cir. 2011).

Here, Plaintiff does not allege facts demonstrating that Defendants' conduct is fairly attributable to the state. Rather, Plaintiff merely alleges that AEPCL entered into a contract with CDCR to provide medical services to CSP-LAC inmates. (Complaint at 8.) This is completely insufficient to establish a nexus between CDCR or any state agency and the challenged action.

Thus, Plaintiff has not stated a civil rights action against Defendants. To the extent that Plaintiff wishes to pursue state law negligence claims against Defendants, he should file a notice of voluntary dismissal of this case and file a new action in state court. The Court makes no determination, however, whether such an action would be timely or meritorious.

## II. PLAINTIFF'S OFFICIAL-CAPACITY CLAIMS AGAINST DEFENDANTS ARE BARRED BY THE ELEVENTH AMENDMENT

Plaintiff has sued Defendants in their official capacities only. Even if Plaintiff could establish that Defendants were state actors under § 1983, his official capacity claims are barred by the Eleventh Amendment.

In Will v. Michigan Department of State Police, 491 U.S. 58, 64-66 (1989), the Supreme Court held that states, state agencies, and state officials sued in their official

capacities are not persons subject to civil rights suits under 42 U.S.C. § 1983.  The Supreme Court reasoned that a suit against a state official in his or her official capacity is a suit against the official's office, and as such is no different from a suit against the State itself, which would be barred by the Eleventh Amendment.  See id.; see also Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir. 1999); Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995).  "[T]he [E]leventh [A]mendment bars actions against state officers sued in their official capacities for past alleged misconduct involving a complainant's federally protected rights, where the nature of the relief sought is retroactive, *i.e.*, money damages . . . ." Bair v. Krug, 853 F.2d 672, 675 (9th Cir. 1988).  However, the Eleventh Amendment "does not preclude a suit against state officers for prospective relief from an ongoing violation of federal law." Children's Hospital and Health Ctr. v. Belshe, 188 F.3d 1090, 1095 (9th Cir.1999), cert. denied, 530 U.S. 1204 2000); Ex Parte Young, 209 U.S. 123, 159-60 (1908).

To overcome the Eleventh Amendment bar on federal jurisdiction over suits by individuals against a State and its instrumentalities, either the State must have consented to waive its sovereign immunity or Congress must have abrogated it; moreover, the State's consent or Congress' intent must be "unequivocally expressed." See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 99-100 (1984).  While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, such consent does not constitute consent to suit in federal court.  See BV Engineering v. Univ. of Cal., Los Angeles, 858 F.2d 1394, 1396 (9th Cir. 1988); see also Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985) (holding that Art. III, § 5 of the California Constitution did not constitute a waiver of California's Eleventh Amendment immunity).  Furthermore, Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983.

Here, Plaintiff seeks monetary damages against Defendants in their official capacities only. (Complaint at 3, 12.)  Even if Plaintiff could establish that Defendants are state actors subject to liability under §1983, Plaintiff's official capacity claims are barred by the Eleventh Amendment.

\*\*\*\*\*\*\*\*\*\*\*\*\*

For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff concludes that he cannot state facts establishing that Defendants are state actors within the meaning of § 1983, he should file a notice of voluntary dismissal. The Clerk is directed to provide Plaintiff with a Form CV-09 Notice of Dismissal for this purpose. If Plaintiff chooses to dismiss this case, he should fill out, sign, and return the Notice of Dismissal within **thirty (30) days** of the date of this Order.

If, however, Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above.

If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "First Amended Complaint"; (3) be filled out exactly in accordance with the directions on the form; and (4) be complete in and of itself without reference to the previous complaints or any other pleading, attachment or document. The Clerk is also directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a First Amended Complaint or Notice of Dismissal by the deadline set herein, the Court may recommend that this action be dismissed for failure to prosecute and failure to comply with a Court order.**

DATED: August 13, 2018            /s/ John E. McDermott
                                  JOHN E. MCDERMOTT
                                  UNITED STATES MAGISTRATE JUDGE